UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONIQUE ROBERTSON, | No. 2:18-cv-0143 DB |
| Plaintiff, | |
| v. | ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge ("ALJ") failed to properly credit a treating physician's opinion and erroneously rejected plaintiff's statements regarding her pain and functional limitations. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for the payment of benefits.

////

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 8 & 9.)

1

**PROCEDURAL BACKGROUND**

On January 31, 2014, plaintiff applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") alleging disability beginning on July 31, 2013. (Transcript ("Tr.") at 21, 196-202.) Plaintiff's alleged impairments included cervical spine injury; status post fusion surgery to C4 to C6 with pending surgery; chronic pain in the neck and shoulders; inability to sit for a prolonged period of time; difficulty with lifting, carrying, pushing, pulling, and reaching; difficulty performing activities of daily living without pain; limited range of motion with pain in the neck; difficulty with sleep due to pain; incapability of rotating or tilting head without pain; and right shoulder pain status post-surgery. (Id. at 230.) Plaintiff's application was denied initially, (id. at 110-113), and upon reconsideration. (Id. at 117-121.)

Thereafter, plaintiff requested a hearing and a hearing was held before an ALJ on July 12, 2016. (Id. at 41-79.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 44-79.) In a decision issued on September 13, 2016, the ALJ found that plaintiff was not disabled. (Id. at 29.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity since July 31, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).[2]
>
> 3. The claimant has the following severe impairments: status post posterior C5-6 fusion and instrumentation for pseudoarthrosis; chronic right shoulder dysfunction, status post surgery; and left shoulder overuse dysfunction (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) with the following exceptions: the claimant is not able to perform any lifting

---

[2] At the July 12, 2016 hearing, the ALJ acknowledged that plaintiff amended the onset date to May 13, 2015. (Tr. at 46.) And the ALJ's opinion begins by acknowledging that plaintiff "amended the alleged onset date of disability to May 13, 2015." (Id. at 21.) Nonetheless, the ALJ's finding erroneously reflected an alleged onset date of July 31, 2013. (Id. at 23.)

2

over ten pounds; is never able to perform overhead lifting; and must take a five-minute break every hour.

6. The claimant is capable of performing past relevant work as an office technician. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant has not been under a disability, as defined in the Social Security Act, from July 31, 2013 through the date of this decision (20 CFR 404.1520(f)).

(Id. at 23-29.)

On November 21, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's September 13, 2016 decision. (Id. at 1-4.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 22, 2018. (ECF No. 2.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion asserts the following two principal claims: (1) "the ALJ failed to properly credit Dr. Shin's treating opinion without articulating legitimate reasons for so doing"; and (2) the ALJ did not articulate clear and convincing reasons for rejecting plaintiff's statements regarding her "pain and functional limitation." (Pl.'s MSJ (ECF No. 16) at 17-27.[3])

**I.  Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or non-examining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an

////

---

[3] Page number citations such as this are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

4

individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion offered by Dr. Carl Shin, a treating physician. (Pl.'s MSJ (ECF No. 16) at 17-22.) On July 11, 2016, Dr. Shin completed a Physical Residual Functional Capacity Questionnaire (the "questionnaire"). (Tr. at 855-58.) Dr. Shin opined, in relevant part, that plaintiff was capable of performing low stress jobs, could sit for one hour at one time before needing to get up, could stand for 20 minutes at one time before needing to sit down or walk around, and could sit for about 4 hours and stand/walk for 2 hours in an 8-hour workday. (Id. at 856-57.) It was Dr. Shin's opinion that plaintiff must walk for 5 minutes every 60 minutes during an 8-hour workday, and that plaintiff would likely miss work about 3 days per month as a result of impairments or treatment. (Id. at 857-58.)

The ALJ's treatment of Dr. Shin's opinion is erroneous in several respects. First, the ALJ explained that he did "not give significant weight to, the opinion of Dr. Shin" before setting forth the reasoning in support of this finding, ultimately concluding that Dr. Shin's opinion "cannot be given controlling weight." (Id. at 27.) But controlling weight and significant weight are distinct. And the ALJ's opinion fails to state what weight the ALJ did afford Dr. Shin's opinion.
////

"'If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight.'" Ghanim v. Colvin, 763 F.3d 1154, 1160 (9th Cir. 2014) (quoting Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007)). "When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." Trevizo v. Berryhill, 871 F.3d 664, 675 (9th Cir. 2017). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." Orn, 495 F.3d at 631; see also Weiskopf v. Berryhill, 693 Fed. Appx. 539, 541 (9th Cir. 2017) ("Even when there is substantial evidence contradicting a treating physician's opinion such that it is no longer entitled to controlling weight, the opinion is nevertheless 'entitled to deference.'").

Second, in support of the decision to "not give significant weight" to Dr. Shin's opinion, the ALJ stated that "despite his conclusion that the claimant could sit, stand and walk only six hours per day, Dr. Shin opined that [plaintiff] could complete an eight-hour workday." (Tr. at 27.) The import of this fact is entirely unclear. It is true that Dr. Shin opined that plaintiff could complete full-time work on a regular basis. (Id. at 858.)

However, Dr. Shin also opined that plaintiff's performance of such work would be severely limited in several respects. For example, plaintiff would be absent from work about three days per month. (Id.) Would need to take unscheduled, ten-minute breaks every hour. (Id. at 857.) And would need to shift positions from sitting, standing, or walking at will. (Id.) Whether work exists for an individual so limited is a question best answered by a Vocational Expert.[4] However, that Dr. Shin opined that plaintiff could complete an eight-hour workday with such limitations does not undermine Dr. Shin's opinion.

////

---

[4] And the Vocational Expert ("VE") who testified at the July 12, 2016 hearing testified that there would be no jobs for an individual with such limitations. (Tr. at 77.)

Third, after conceding that Dr. Shin "saw the [plaintiff] somewhat regularly beginning in 2015," the ALJ asserts that Dr. Shin's "objective examination findings do not correlate to the limitations he has assessed." (Id. at 27.) The ALJ, however, fails to cite to any specific evidence in the record in support of this assertion. "Far from 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings,'" the ALJ cited no specific evidence of record "that contradicted the treating physician's opinion." Trevizo, 862 F.3d at 999 (quoting Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ then acknowledges that Dr. Shin "found only decreased range of motion and tenderness in the [plaintiff's] cervical spine[.]" (Tr. at 27) (emphasis added). It is unclear, however, what the ALJ thinks Dr. Shin should have found in addition to decreased range of motion and tenderness in plaintiff's spine. Moreover, "[t]he primary function of medical records is to promote communication and recordkeeping for health care personnel—not to provide evidence for disability determinations." Orn, 495 F.3d at 634.

Nonetheless, Dr. Shin's objective examinations in fact revealed more than what the ALJ acknowledged. For example, on March 24, 2015, in addition to "decreased cervical range of motion with forward flexion," and "tenderness over the right side of cervical paraspinal musculature," Dr. Shin's examination revealed that "[c]ervical forminal compression testing" produced "symptoms to the 4th and 5th digits of the right hand." (Tr. at 473.) On June 16, 2015, Dr. Shin's examination found that plaintiff had "some catching with left cervical rotation." (Id. at 478.) On October 7, 2015, Dr. Shin found that plaintiff had "pain at the end ranges" and "localized pain with cervical foraminal compression testing." (Id. at 484.) On November 4, 2015, Dr. Shin found that plaintiff had "a difficult time arising from a seated position." (Id. at 486.) On December 30, 2015, Dr. Shin found that plaintiff walked "with a slight antalgic gait favoring the right side." (Id. at 488.)

The ALJ also asserts that Dr. Shin "often indicated that [plaintiff] was exercising four or five days per week[.]" (Id. at 27.) The ALJ, however, does not articulate what exactly plaintiff's "exercising" entailed, nor does the ALJ provide a citation to evidence of record. Moreover, Dr.

7

Shin counseled plaintiff on January 27, 2015, about "the importance of exercise and how it can help with [plaintiff's] chronic pain." (Id. at 467.) At this same visit, plaintiff acknowledged doing "exercises." (Id. at 464.) This visit, however, is prior to plaintiff's amended onset date of May 13, 2015. (Id. at 46); see Stone v. Heckler, 761 F.2d 530, 532 (9th Cir.1985) (in a case involving a claimant with a worsening condition, the court held that medical evaluations prepared several months before hearing are not substantial evidence sufficient to rebut more recent conclusions by a treating doctor). And on December 30, 2015, plaintiff stated that she could exercise "4 to 5 times a week which include stretching." (Id. at 488.) Plaintiff's ability to stretch is not inconsistent with Dr. Shin's opinion.

In this regard, Dr. Shin was clearly aware that plaintiff was exercising when Dr. Shin opined as to plaintiff's limitations. The ALJ failed to establish what activities plaintiff was engaged in and how those activities undermined Dr. Shin's opinion. See Tackett, 180 F.3d at 1102 ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence.").

The ALJ also asserted that Dr. Shin's opinion was undermined by reports that plaintiff was "performing household chores with the help of medication." (Id. at 27.) Again, no citation to the record is provided. And again, the ALJ fails to articulate how performing "household chores" is inconsistent with any of Dr. Shin's opined limitations. Moreover,

> [t]he critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ... and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012).

The ALJ discussion of Dr. Shin's opinion concludes by stating that, "[w]hile Dr. Shin's opinion that the claimant can lift and carry no more than ten pounds, would have limitations in overhead lifting and would need a break every hour is supported by the medical evidence, including the opinions of multiple other provides, his other assessed limitations are not." (Tr. at 27.) "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing

8

nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison v. Colvin, 759 F.3d 995, 1012–13 (9th Cir. 2014).

For the reasons stated above, the court finds that the ALJ failed to offer specific and legitimate, let alone clear and convincing, reasons for rejecting Dr. Shin's opinion. Accordingly, plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of Dr. Shin's opinion constituted error.

## II. Plaintiff's Testimony

Plaintiff next challenges the ALJ treatment of plaintiff's subjective testimony, arguing that the ALJ "rejected [plaintiff's] statements as to the nature and extent of her functional limitations even though there was objective medical evidence of underlying impairments which could reasonably be expected to produce those symptoms and no evidence of malingering." (Pl.'s MSJ (ECF 16) at 22.)

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else

9

disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[5] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

In the instant case, the ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" (Tr. at 25.) The ALJ then provided a number of erroneous findings in support of this conclusion.

First, after a discussion of the medical evidence in the record, the ALJ states that:

> "[t]he claimant's allegations regarding the severity of her symptoms and limitations are greater than expected in light of the objective evidence of record. Specifically, the evidence does not support the conclusion that the claimant is entirely unable to work as the result of her physical impairments[.]"

////

---

[5] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo, 871 F.3d at 679 (quoting SSR 16-3p) (alterations omitted).

10

(Id. at 26.) However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Lingenfelter, 504 F.3d at 1036 ("the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

Second, the ALJ asserts that plaintiff stopped working in May 2015 "due to receiving disability retirement and not due to her inability to handle the work." (Tr. at 26.) However, as noted by the ALJ, plaintiff's performance of that work was "completed with restrictions[.]" (Id.) Those restrictions included not only no lifting or more than 10 pounds, and hourly five-minute breaks, but "no bending, no stooping, no pushing and pulling more than ten pounds"—restrictions not accounted for by the ALJ's residual functional capacity determination. (Id. at 26, 62.)

Third, the ALJ's discussions of plaintiff's testimony and the evidence of record repeatedly cites to evidence stemming from 2013 through early 2015. (Id. at 26.) And the ALJ concludes that "the evidence supports the conclusion that [plaintiff] is able to work subject to the restrictions confirmed by multiple providers between 2013 and 2015." (Id.) Plaintiff's amended disability onset date, however, was May 13, 2015. (Id. at 46.) As noted above, the ALJ's decision erroneously states that July 31, 2013 is "the alleged onset date." (Id. at 23.) In this regard, the ALJ appears to have evaluated the incorrect time period in analyzing plaintiff's testimony.

Fourth, as with Dr. Shin's opinion, the ALJ repeatedly cites plaintiff's ability to do activities of daily living as a reason for discrediting plaintiff's testimony. (Id. at 26.) The Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any

way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001); see also Garrison 759 F.3d 995 at 1016 (citation omitted) ("[I]mpairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.").

For the reasons stated above, the court finds that the ALJ failed to offer a clear and convincing reason for rejecting plaintiff's testimony. Accordingly, plaintiff is also entitled to summary judgment on this claim.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo, 871 F.3d at 682 (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, further administrative proceedings would serve no useful purpose as the record contains ample evidence, testimony, and medical opinion evidence. The ALJ failed to provide

12

legally sufficient reasons for rejecting Dr. Shin's medical opinion and plaintiff's statements regarding her pain and functional limitations. Moreover, if the improperly discredited evidence were credited as true, the ALJ would be required to find plaintiff disabled on remand.

In this regard, Dr. Shin's opinion alone establishes plaintiff's disability as confirmed by the VE's testimony. When the VE was asked a question that included the limitations opined by Dr. Shin, the VE answered that there were no jobs such a person could perform. (Tr. at 77.) "Such a finding by the vocational expert is a sufficient basis upon which to remand for determination of benefits." Wechel v. Berryhill, 713 Fed. Appx. 559, 562 (9th Cir. 2017). Furthermore, the record as whole does not create serious doubt as to whether plaintiff is disabled. See Moe v. Berryhill, 731 Fed. Appx. 588, 592 (9th Cir. 2018) ("Remand for immediate award of benefits is appropriate in this case because all three factors of the credit-as-true rule are satisfied, leaving no 'serious doubt' as to Moe's disability.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 21) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for the payment of benefits; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: July 9, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: am(6)
DB\orders\orders.soc sec\robertson0143.ord

13