1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MONIQUE ROBERTSON,                    No. 2:18-cv-0143 DB

12              Plaintiff,

13        v.                               ORDER

14   ANDREW SAUL, Commissioner of Social
     Security,
15

16              Defendant.

17
           Plaintiff brought this action seeking judicial review of a final administrative decision
18
     denying an application for Disability Insurance Benefits under Title II of the Social Security Act.
19
     By order filed July 10, 2019, plaintiff's motion for summary judgment was granted, the decision
20
     of the Commissioner was reversed, and the case was remanded for the payment of benefits.[1]
21
     (ECF No. 24.)
22
           On June 11, 2020, counsel for plaintiff filed a motion for an award of attorney's fees
23
     pursuant to 42 U.S.C. § 406(b).  (ECF No. 28.)  At the outset of the representation, plaintiff and
24
     plaintiff's counsel entered into a contingent-fee agreement.  (ECF No. 28-3.)  Pursuant to that
25
     agreement plaintiff's counsel now seeks attorney's fees in the amount of $20,371.50, which
26
     represents 25% of the retroactive disability benefits received by plaintiff on remand.  (ECF No.
27

28   [1] Both parties have previously consented to Magistrate Judge jurisdiction over this action
     pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 8 & 9.)

28-1 at 2.)  Defendant did not object to plaintiff's motion but instead offered "analysis of the requested fees to assist this Court."  (ECF No. 29 at 2.)

Attorneys are entitled to fees for cases in which they have successfully represented social security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).  "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment."  Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)).  Although an attorney fee award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has standing to challenge the award.  Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir. 1989), abrogated on other grounds in Gisbrecht, 535 U.S. at 807.  The goal of fee awards under § 406(b) is to provide adequate incentive to attorneys for representing claimants while ensuring that the usually meager disability benefits received are not greatly depleted. Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee actually requested is reasonable.  Gisbrecht, 535 U.S. at 808-09 ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  Id. at 807.  "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808).

2

1    The Supreme Court has identified five factors that may be considered in determining

2    whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to

3    reduction by the court: (1) the character of the representation; (2) the results achieved by the

4    representative; (3) whether the attorney engaged in dilatory conduct in order to increase the

5    accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the

6    amount of time counsel spent on the case; and (5) the attorney's record of hours worked and

7    counsel's regular hourly billing charge for noncontingent cases. Crawford, 586 F.3d at 1151-52

8    (citing Gisbrecht, 535 U.S. at 808). Below, the court will consider these factors in assessing

9    whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is reasonable.

10   Here, there is no indication that a reduction of fees is warranted due to any substandard

11   performance by counsel. Rather, plaintiff's counsel is an experienced attorney who secured a

12   successful result for plaintiff. There is also no evidence that plaintiff's counsel engaged in any

13   dilatory conduct resulting in excessive delay. The court finds that the $20,371.50 fee, which

14   represents 25% of the past-due benefits paid to plaintiff, is not excessive in relation to the benefits

15   awarded. In making this determination, the court recognizes the contingent fee nature of this case

16   and counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on

17   such terms. See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003).

18   Accordingly, for the reasons stated above, the court concludes that the fees sought by

19   counsel pursuant to § 406(b) are reasonable. See generally Azevedo v. Commissioner of Social

20   Security, No. 1:11-cv-1341 AWI SAB, 2013 WL 6086666, at *2 (E.D. Cal. Nov. 19, 2013)

21   (granting petition pursuant to 406(b) for $17,893.75 in attorney's fees); Coulter v. Commissioner

22   of Social Security, No. 1:10-cv-1937 AWI JLT, 2013 WL 5969674, at *2 (E.D. Cal. Nov. 8,

23   2013) (recommending award of $15,084.23 in attorney's fees pursuant to 406(b)); Taylor v.

24   Astrue, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting

25   petition pursuant to 406(b) for $20,960 in attorneys' fees); Jamieson v. Astrue, No. 1:09cv0490

26   LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in

27   attorney fees pursuant to 406(b)).

28   ////

An award of § 406(b) fees is, however, normally offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA").  28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796.  Here, plaintiff's counsel was previously awarded $6,541.92 in EAJA fees and the award under § 406(b) must be offset by that amount.  (ECF No. 27.)

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's June 11, 2020 motion for attorney fees under 42 U.S.C. § 406(b), (ECF No. 28), is granted;

2.  Counsel for plaintiff is awarded $20,371.50 in attorney fees under § 406(b).  The Commissioner is directed to pay the fee forthwith and remit to plaintiff the remainder any withheld benefits; and

3.  Upon receipt of the $20,371.50 in attorney fees pursuant to § 406(b), counsel shall reimburse plaintiff in the amount of $6,541.92 previously paid by the government under the EAJA.

Dated:  October 12, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\robertson0143.406(b).ord

4